IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| NPR INVESTMENTS, LLC, BY AND THROUGH NELSON J. ROACH, A NOTICE PARTNER § § § § § § § § § § § § § | | |
| *Plaintiff*, | | |
| v. | § § § § § § § § | CV 5:05-CV-219-TJW |
| UNITED STATES OF AMERICA, | | |
| *Defendant*. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's first motion for partial summary judgment (Dkt. No. 58) as to the valuation penalties imposed by the Defendant. Also before the Court is Plaintiff's second motion for partial summary judgment (Dkt. No. 69) as to the negligence and understatement penalties imposed by the Defendant.

Regarding Plaintiff's first motion for partial summary judgment, the Court agrees with the Plaintiff and hereby GRANTS Plaintiff's motion (Dkt. No. 58) for the following reasons.

Regarding Plaintiff's second motion for partial summary judgment, the Court finds that there is a genuine issue of material fact as to whether the negligence and understatement penalties imposed by the Defendant are appropriate. Thus, the Court hereby DENIES Plaintiff's second motion for partial summary judgment (Dkt. No. 69).

### I. BACKGROUND

On December 6, 2005, Plaintiff NPR Investments, LLC ("NPR") filed suit under 26 U.S.C. § 6226, seeking the redetermination of adjustments made by the Internal Revenue Service

("IRS") to the Form 1065 federal partnership return filed by NPR for its taxable years ended December 31, 2001. The Commissioner of Internal Revenue made these adjustments by issuing a Notice of Final Partnership Administrative Adjustments ("FPAA") to NPR on or about August 15, 2005. In the FPAA, the IRS notified NPR of various adjustments it made to the Form 1065 partnership tax return and provided various explanations for the adjustments it made. The IRS also determined that NPR is subject to various penalties, including a (i) 40 percent gross valuation misstatement penalty, (ii) 20 percent substantial valuation misstatement penalty, (iii) 20 percent negligence penalty, and (iv) 20 percent substantial understatement penalty.

On August 10, 2009, Plaintiff filed its First Amended Petition for Readjustment of Partnership Items Under Internal Revenue Code Section 6226 (the "Amended Petition"). In the Amended Petition, Plaintiff conceded that NPR did not enter into the transactions at issue with a profit motive, and thus, conceded the adjustments that the IRS made in the FPAA. Plaintiff still disputes the penalties asserted by the Defendant.

## II.   LEGAL STANDARD

A grant of summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). Upon reviewing the evidence, the Court may only grant summary judgment if there is no genuine dispute of material fact, meaning that "a reasonable jury could [not] return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When ruling on a motion for summary judgment, the non-movant's evidence is to be believed and all justifiable inferences are to be drawn in its favor. *Id.* at 255. When the summary

judgment movant demonstrates the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24.

### III.   ANALYSIS

Plaintiff argues that the 40 percent gross valuation misstatement and 20 percent substantial valuation misstatement penalties (the "valuation penalties") asserted by the Defendant do not apply in this case as a matter of law. On August 10, 2009, Plaintiff conceded that it did not enter into the transactions at issue with a profit motive. Thus, Plaintiff argues that it has conceded the merits of the underlying tax dispute on a ground that is unrelated to the valuation or basis of the relevant assets. Plaintiff argues that the valuation misstatement penalties provided for under Section 6662 apply only to underpayments of tax that are "attributable to" valuation overstatements. Because Plaintiff conceded the merits of this case on grounds unrelated to basis or value, it argues that the valuation penalties imposed under Section 6662 are inapplicable as a matter of law under the law of the Fifth Circuit. *See Weiner v. Comm'r*, 389 F.3d 152 (5th Cir. 2004); *Heasley v. Comm'r*, 902 F.2d 380 (5th Cir. 1990); *Todd v. Comm'r*, 862 F.2d 540 (5th Cir. 1988).

Defendant argues that the valuation misstatement penalties cannot be avoided by Plaintiff's tactic of conceding one out of multiple stated grounds for adjustment in the FPAA. Defendant argues that that regardless of the ground upon which Plaintiff chooses to concede the case, the valuation misstatement penalties apply since the inflation of basis was an integral part of the NPR tax shelter or tax avoidance scheme. Defendant argues that the cases relied upon by

the Plaintiff are distinguishable, have been superseded by changes in the law, or were incorrectly decided.

The Court agrees with Plaintiff as to the valuation penalties. Similar to this Court's rationale in *Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex. 2007), the Court follows the *Heasley* and *Weiner* decisions by the Fifth Circuit. Although the rule in the Fifth Circuit differs from the rule in other circuits, this court is bound to follow the law in the Fifth Circuit. Accordingly, the penalty for a valuation misstatement does not apply when the IRS totally disregards a transaction as lacking economic substance. *See Weiner*, 389 F.3d at 161-162 ("[w]henever the IRS totally disallows a deduction or credit, the IRS may not penalize the taxpayer for a valuation overstatement included in that deduction or credit"); *see Heasley*, 902 F.2d at 381-383; *Klamath*, 472 F. Supp. 2d at 899-900. Here, when NPR's loss is conceded on grounds other than valuation or basis, by NPR agreeing that it did not enter the transactions at issue with a profit motive, the valuation misstatement penalties of Section 6662 are inapplicable because any underpayment is not attributable to a valuation misstatement. *See id*. The Court finds that Defendant's arguments to the contrary are unpersuasive. Thus, the Court finds that, as a matter of law, the valuation penalties do not apply in this instance.

IV. **CONCLUSION**

The Court finds that there is a genuine issue of material fact as to whether the negligence and understatement penalties imposed by the Defendant are appropriate. Thus, the Court hereby DENIES Plaintiff's second motion for partial summary judgment (Dkt. No. 69).

the Plaintiff are distinguishable, have been superseded by changes in the law, or were incorrectly decided.

The Court agrees with Plaintiff as to the valuation penalties. Similar to this Court's rationale in *Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex. 2007), the Court follows the *Heasley* and *Weiner* decisions by the Fifth Circuit. Although the rule in the Fifth Circuit differs from the rule in other circuits, this court is bound to follow the law in the Fifth Circuit. Accordingly, the penalty for a valuation misstatement does not apply when the IRS totally disregards a transaction as lacking economic substance. *See Weiner*, 389 F.3d at 161-162 ("[w]henever the IRS totally disallows a deduction or credit, the IRS may not penalize the taxpayer for a valuation overstatement included in that deduction or credit"); *see Heasley*, 902 F.2d at 381-383; *Klamath*, 472 F. Supp. 2d at 899-900. Here, when NPR's loss is conceded on grounds other than valuation or basis, by NPR agreeing that it did not enter the transactions at issue with a profit motive, the valuation misstatement penalties of Section 6662 are inapplicable because any underpayment is not attributable to a valuation misstatement. *See id*. The Court finds that Defendant's arguments to the contrary are unpersuasive. Thus, the Court finds that, as a matter of law, the valuation penalties do not apply in this instance.

IV. **CONCLUSION**

The Court finds that there is a genuine issue of material fact as to whether the negligence and understatement penalties imposed by the Defendant are appropriate. Thus, the Court hereby DENIES Plaintiff's second motion for partial summary judgment (Dkt. No. 69).

The Court finds that the valuation penalties asserted in this case do not apply as a matter of law. Thus, the Court hereby GRANTS Plaintiff's first motion for partial summary judgment (Dkt. No. 58).

IT IS SO ORDERED.

SIGNED this 24th day of February, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE